STATE OF NORTH CAROLINA v. RONALD T. JONES AND MICHAEL A. JONES

No. 818SC1194

(Filed 1 June 1982)

**1. Criminal Law § 92.1— consolidation of defendants' trials proper**

In a prosecution for larceny of an automobile and armed robbery, consolidation of the trials of both defendants was proper and each defendant's election to testify did not deny the other his right to remain silent where the testimony of each defendant was entirely consistent and there was no unfair compulsion on either defendant to testify in his own defense.

**2. Criminal Law § 34.6— evidence of pending charges against defendants—properly admitted to show intent**

In prosecutions for larceny of an automobile and armed robbery, the trial court properly admitted evidence of ten other pending charges against each defendant for possession or receiving stolen goods since the presence of the unrelated items of stolen property found in one defendant's apartment negated their defense that stolen money was found in a ditch and since evidence of the other offenses tended to establish that the defendants, acting together, had the requisite felonious intent.

**3. Criminal Law § 15.1— pretrial publicity—denial of change of venue**

The defendants failed to meet their burden of showing an abuse of discretion by the trial court in the denial of their motions for change of venue because of publicity about their trial where the defendants neither showed nor alleged that potential jurors would base their conclusions and verdicts upon pretrial publicity and preconceived impressions.

**4. Constitutional Law § 31— indigent defendant—denial of funds for private investigator**

In prosecutions for larceny of an automobile and armed robbery, it was not prejudicial error for the trial court to refuse to appoint a private investigator where there was no showing of evidence which, if developed by an investigator, would show a reasonable likelihood that someone other than defendants committed the armed robbery and larceny in question.

**5. Constitutional Law § 31— identity of possible confidential informant—disclosure not required**

The trial court did not err in refusing to require the State to identify an informant who defendants contended alerted the State to search one defend-

ant's apartment where (1) there was no evidence in the record that an inform-
ant was involved in the case, and (2) even if an informant was found to exist,
defendants did not show that the informant's testimony was essential to their
receiving a fair trial or that his testimony was material to their defense.

APPEAL by defendants from *Tillery, Judge.* Judgment
entered 3 June 1981 in Superior Court, LENOIR County. Heard in
the Court of Appeals 27 April 1982.

The defendants, Ronald T. Jones and Michael A. Jones, were
charged with larceny of an  automobile and armed robbery. Both
defendants pleaded not guilty and were found guilty as charged
by the jury. The defendants were each sentenced to a minimum
and maximum of one year of imprisonment for larceny of an
automobile and to a maximum of 25 years, minimum of 22 years
on the armed robbery charge. From this judgment, defendants ap-
pealed.

The State's evidence tended to show that on 9 December
1980 the Bank of North Carolina on Highway 258 in Lenoir Coun-
ty was robbed by two men wearing ski masks. The State's
evidence was that two armed men took money, which included
"bait money," and money marked by dye from the bank and left
in an automobile. State's witness indicated the automobile was
seen leaving the bank and later turning down a dirt path near
Waldo Village Apartments. The fingerprint of defendant Michael
A. Jones was found on the gear shift lever of the automobile
found on the dirt path. State's evidence shows that on December
10, 1980 officers from the Lenoir County Sheriff's Department
went to defendant Michael Jones' apartment in Waldo Village to
search it and arrest Michael Jones. Ronald Jones was seen leav-
ing the area and was followed to a grocery store parking lot
where he was stopped, searched and arrested after a bill was
found on him which appeared to have dye on it similar to that
used at the bank.

A search of Michael Jones' apartment was made which
revealed money dyed similarly to that used by the bank and with
serial numbers matching the bank's bait money; other items found
included guns, and items similar to those used in the bank rob-
bery, together with personal property identified by State's
witnesses at trial as belonging to those State's witnesses and hav-
ing been stolen from them at some earlier time.

The State's evidence also showed that the automobile found parked on the dirt path had been stolen from a hospital parking lot near Kinston from Douglas and Janet Bostic on the day of the robbery. The ignition mechanism was missing from the vehicle when it was discovered on the dirt path. An ignition mechanism was discovered in a trash can in Michael Jones' apartment, which according to a professional locksmith, was the one which had been removed from the Bostic's station wagon.

The defendant Ronald Jones testified that he had found the money and personal property which officers found in Michael Jones' apartment. Ronald Jones said the items were found on the morning of December 10, 1980 in a ditch near Michael Jones' apartment and that he had removed the items from the ditch and taken them inside Michael Jones' apartment where they were both staying that day. Michael Jones testified that Ronald Jones had found the money in the ditch and that his fingerprint found on the automobile gear shift lever had been placed there when he was walking down the path on the day of the robbery and had seen the unoccupied automobile. Defendants' witnesses corroborated the defendant Michael Jones' testimony that he was at the grocery store about the time of the robbery and the defendants each corroborated the other's testimony.

*Attorney General Edmisten by Assistant Attorney General Barry S. McNeill, for the State.*

*T. Dewey Mooring, Jr., for defendant-appellant Ronald T. Jones.*

*Perry, Perry & Perry by Dan E. Perry, for defendant-appellant Michael A. Jones.*

MARTIN (Robert M.), Judge.

[1] By their first assignment of error, defendants contend that the trial court erred in consolidating their trials. Each contends that the other's election to testify effectively denied his own right to remain silent. We find no merit in this assignment.

Ordinarily, the decision to join the charges against two or more defendants for trial is within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion. *State v. Porter*, 303 N.C. 680, 281 S.E. 2d 377 (1981);

*State v. Smith*, 291 N.C. 505, 231 S.E. 2d 663 (1977). Absent a showing that a joint trial has deprived an accused of a fair trial, the exercise of the court's discretion will not be disturbed on appeal. *Id.; State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492 (1968). Such prejudice arises most often where the defendants offer antagonistic defenses, *State v. Alford*, 289 N.C. 372, 222 S.E. 2d 222, *death sentence vacated* 429 U.S. 809, 50 L.Ed. 2d 69, 97 S.Ct. 46 (1976), or where one defendant has made a confession which is inadmissible against the other, *State v. Fox, supra.* In this case the testimony of each defendant was entirely consistent, not antagonistic. There was no unfair compulsion on either defendant to testify in his own defense. Consolidation was proper and no abuse of discretion was shown. Defendants' first assignment of error is overruled.

[2]  The defendants next argue that the trial court erred in denying their motions *in limine* to prevent reference during trial to ten other pending charges against each defendant for possession or receiving stolen goods. We also consider defendants' seventh assignment of error, in which they contend that these unrelated items of stolen property were improperly admitted into evidence. We diasgree. Our Supreme Court has stated the rule pertaining to such references as follows:

> While the general rule is that in a prosecution for a particular crime, the state cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense, the rule is subject to certain exceptions. One of those exceptions is that where a specific mental intent or state is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite mental intent or state, even though the evidence discloses the commission of another offense by the accused. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954); *accord, State v. Tate*, 294 N.C. 189, 239 S.E. 2d 821 (1978); *State v. Williams*, 292 N.C. 391, 233 S.E. 2d 507 (1977).

*State v. King*, 301 N.C. 186, 191-92, 270 S.E. 2d 98, 101 (1980). In robbery, as in larceny, the taking of the property must be with the felonious intent permanently to deprive the owner of his property. *State v. Smith*, 268 N.C. 167, 150 S.E. 2d 194 (1966). Thus in-

tent was an essential element of the crimes charged in this case which the State had to prove.

The defendants denied such intent, offering as their defense to the robbery charges that the stolen money was found in a ditch behind Michael's apartment and that they intended to turn it over to the authorities. Here, the presence of the unrelated items of stolen property found in Michael's apartment negated this defense and tended to establish that the defendants, acting together, had the requisite felonious intent. Thus this evidence was competent and properly admissible on the issue of defendants' felonious intent. Further the trial court gave a clear limiting instruction to the jury on the purpose of this evidence. For these reasons the trial court properly refused to grant the pretrial motions *in limine* and overruled defendants' objections to this evidence.

[3]   In their third assignment of error defendants argue that the trial court abused its discretion in denying their motions for a change of venue because publicity about the trial made it impossible for them to obtain a fair trial in Lenoir County. In support of their argument, they cite an excerpt from the Kinston Daily Free Press newspaper which reported that the defendants were charged with the robbery and larceny; the circumstances of the robbery; the alleged use of the station wagon in the robbery; the circumstances of their arrests; the fruits of the search of Michael's apartment; that Michael was also charged with another robbery and two counts of kidnapping; and that both defendants faced charges of 10 counts of possession and receiving stolen goods in connection with other robberies.

North Carolina law authorizes the trial court, upon motion of a defendant, to transfer a criminal trial to another county or order a special venire if it determines that "there exists in the county in which the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial." N.C. Gen. Stat. § 15A-957. Such a determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Oliver*, 302 N.C. 28, 37, 274 S.E. 2d 183, 189 (1981).

The burden of proof in a hearing on a motion for change of venue is upon the defendant . . . . In order to prevail, the

defendant must show that there is a reasonable likelihood that the prejudicial publicity complained of will prevent a fair trial. (Citations omitted.)

*State v. McDougald,* 38 N.C. App. 244, 248, 248 S.E. 2d 72, 77-78 (1978), *appeal dismissed,* 296 N.C. 413, 251 S.E. 2d 472 (1979).

Here defendants failed to meet their burden of showing an abuse of discretion by the trial court. There was no showing that this one article denied defendants a fair and impartial jury. As this Court said in *State v. McDougald* at 251, 248 S.E. 2d 79:

Inevitably cases of great public interest will receive thorough coverage by the press and electronic news media, and potential jurors will often be aware of such cases due to this news coverage. A defendant has not borne his burden of showing that he will be denied an impartial jury solely by introducing evidence that his case has received widespread news coverage or that some prospective jurors have been exposed to such coverage and formed or expressed opinions based upon their exposure. The defendant must additionally show, that it is reasonably likely that prospective jurors will base their conclusions in his case upon pretrial information rather than evidence introduced at trial and would be unable to put from their minds any previous impressions they may have formed.

Here the defendants have not shown or alleged that potential jurors would base their conclusions and verdicts upon pretrial publicity and preconceived impressions. There is no evidence that the jurors who were seated based their verdicts on anything other than the evidence presented at trial. Therefore, the trial court did not abuse its discretion in denying the defendants' motions for change of venue and this assignment of error is without merit.

[4] The defendants in their fifth assignment of error contend that the trial court erred in denying them funds with which to hire a private investigator. Ronald moved the court for these funds contending that such assistance was needed to help locate a witness, Herman Johnson, to interview potential witnesses, to investigate the background of the jury venire and to research pretrial publicity of the case.

Our Supreme Court has fully considered this issue on numerous occasions in *State v. Easterling,* 300 N.C. 594, 268 S.E. 2d 800 (1980); *State v. Montgomery,* 291 N.C. 91, 229 S.E. 2d 572 (1976); and *State v. Tatum,* 291 N.C. 73, 229 S.E. 2d 562 (1976). The gist of these cases is that "an indigent defendant's constitutional and statutory right to a State appointed investigator arises only upon a showing that there is a reasonable likelihood that such an investigator would discover evidence which would materially assist defendant in the preparation of his defense." *State v. Alford,* 298 N.C. 465, 469, 259 S.E. 2d 242, 245 (1979). Moreover, these cases conclude "that the appointment of experts to assist an indigent in his defense depends really upon the facts and circumstances of each case and lies, finally, within the discretion of the trial judge." *State v. Gray,* 292 N.C. 270, 277, 233 S.E. 2d 905, 910-11 (1977).

Here as in *Alford, supra,* there is no showing of evidence which, if developed by an investigator, would show a reasonable likelihood that someone other than defendants committed the armed robbery and larceny of the Bostic's station wagon. Even if the investigator could have located Herman Johnson, a juvenile who had lived at Michael's apartment, at most Johnson could only have corroborated defendants' testimony, which the jury chose not to believe. It was not prejudicial error for the trial court to refuse to appoint a private investigator on the facts of this case.

[5] The defendants' in their eighth assignment of error contend that the trial court erred in refusing to require the State to identify the informant who alerted the State to search the residence of Michael Jones. The defendants assert that "[b]y the very nature of the knowledge passed to the law enforcement officials, it is likely that the informant was a participant in the bank robbery and therefore defendant[s] should be informed as to his or her identity." We disagree.

There is no evidence in the record that an informant was involved in this case. The application for the search warrant for Michael's apartment does not mention an informant or refer to facts obtained from an informant. The application merely cites the facts of the bank robbery, the fact that the station wagon used in the robbery was abandoned near Waldo Village, the fact that Michael's fingerprint was found on the gearshift and the fact that

---

Michael lived in Waldo Village. There was no evidence, except for defendants' assertion, that an informant was involved in this case. Further even if an informant was found to exist, defendants have not shown that the informant's testimony was essential to their receiving a fair trial or that his testimony was material to their defense. *State v. Ketchie*, 286 N.C. 387, 211 S.E. 2d 207 (1975); *State v. Warren*, 35 N.C. App. 468, 241 S.E. 2d 854, *disc. rev. denied*, 295 N.C. 94, 244 S.E. 2d 262 (1978). Thus this assignment of error is without merit and is overruled.

We have carefully considered defendants' remaining assignments of error and find them to be without merit and thus overruled. Defendants had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and ARNOLD concur.