STATE OF NORTH CAROLINA v. JAMES R. DAVIS

No. 9030SC239

(Filed 15 January 1991)

1. **Criminal Law § 648 (NCI4th)— motion to dismiss at close of State's evidence—presentation of defense evidence—appeal of sufficiency waived**

    Defendant in a prosecution for driving with a revoked license waived his right to appeal the denial of his motion to dismiss at the close of the State's evidence where defendant stated that he would not present any evidence and moved for a dismissal based upon insufficient evidence; the trial court then admitted certain exhibits over defendant's objection; after a recess, defendant withdrew his decision not to present any evidence and defendant testified; and defendant renewed his motion to dismiss at the close of the evidence. Our courts have consistently held that, when a defendant presents evidence at trial, he waives his right to assert on appeal the trial court's error in denying the motion to dismiss at the close of the State's evidence. N.C. Rules of Appellate Procedure, Rule 10(b)(3).

    **Am Jur 2d, Trial §§ 538, 539, 572.**

2. **Criminal Law § 97.1 (NCI3d)— State's evidence—exhibits introduced after State rested and defendant moved to dismiss**

    There was no merit to defendant's assignment of error to admitting State's exhibits into evidence after the State rested its case and after defendant had moved for dismissal based upon insufficiency of the State's evidence.

    **Am Jur 2d, Trial §§ 538, 539, 572.**

3. **Criminal Law § 33.2 (NCI3d)— driving with revoked license— motion to dismiss appeal and order dismissing appeal of prior conviction—relevant—not prejudicial**

  The trial court did not err in a prosecution for driving with a revoked license by admitting as exhibits a motion to dismiss an appeal and an order dismissing an appeal of defendant's prior conviction for driving under the influence of alcohol. These exhibits are evidence of the finality of the judgment and therefore evidence of defendant's knowledge of the revocation of his license and, while prejudicial, the probative value of these exhibits outweighs their prejudicial effect. Moreover, defendant testified to the facts contained in these exhibits. N.C.G.S. § 8C-1, Rules 401, 402, 403.

  **Am Jur 2d, Automobiles and Highway Traffic § 1023; Evidence § 323.**

APPEAL by defendant from judgment entered 13 September 1989 by *Judge Robert D. Lewis* in JACKSON County Superior Court. Heard in the Court of Appeals 14 November 1990.

On 2 March 1987, defendant was convicted in District Court of driving with a revoked license in violation of N.C. Gen. Stat. § 20-28. Defendant appealed and was again convicted in Superior Court of the same offense on 6 July 1987. Defendant appealed to this Court and was granted a new trial in Superior Court.

On 13 September 1989, a jury convicted defendant of the same offense, and the trial court entered its judgment, sentencing defendant to a twelve-month suspended sentence with three years supervised probation. Defendant appeals from this judgment.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Patsy Smith Morgan, for the State.*

*Samuel C. Briegel for defendant-appellant.*

ORR, Judge.

Defendant assigns three errors on appeal. For the reasons below, we find that the trial court did not err.

[1] Defendant first argues that the trial court erred in denying defendant's motion to dismiss the charges at the close of the State's evidence. We disagree.

At the close of the State's evidence in the present case, defendant stated that he would not offer any evidence and moved for dismissal based upon alleged insufficiency of the State's evidence. The trial court denied defendant's motion.

The trial court then admitted Exhibits 3 and 3-A over defendant's objection. Defendant requested a recess to consider the impact of the admission of these exhibits. After the recess, defendant withdrew his decision not to present any evidence, and defendant testified. At the close of the evidence, defendant again renewed his motion to dismiss.

Under Rule 10(b)(3) of the N.C. Rules of Appellate Procedure,

Sufficiency of the Evidence. A defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action, or for judgment as in case of nonsuit, at trial. If a defendant makes such a motion and that motion is denied and the defendant then introduces evidence, his motion for dismissal or judgment in case of nonsuit made at the close of State's evidence is waived. Such a waiver precludes the defendant from urging the denial of such motion as a ground for appeal.

N.C.R. App. P. 10(b)(3).

Our courts have consistently held that when a defendant presents evidence at trial, he waives his right on appeal to assert the trial court's error in denying the motion to dismiss at the close of the State's evidence. *State v. Upright*, 72 N.C. App. 94, 99, 323 S.E.2d 479, 483 (1984), *disc. review denied*, 313 N.C. 513, 329 S.E.2d 400, *cert. denied*, 313 N.C. 610, 332 S.E.2d 82 (1985) (citation omitted). In the case before us, defendant presented evidence at trial. Therefore, under the rule, defendant waived his right to appeal the trial court's decision to deny his motion to dismiss at the close of the State's evidence.

**[2]** Defendant next maintains that the trial court erred in admitting State's Exhibits 3 and 3-A into evidence after the State rested its case. Defendant cites no authority for his argument in violation of Rule 28(b)(5) of the N.C. Rules of Appellate Procedure. Under this rule, assignments of error "in support of which no reason or argument is stated *or authority cited*, will be taken as abandoned." N.C.R. App. P. 28(b)(5) (emphasis added). We have, however, reviewed this assignment of error and find it without merit.

**[3]** Defendant's remaining assignment of error concerns whether the trial court erred in admitting into evidence State's Exhibits 3-B and 3-C. We find no error.

Defendant argues that these exhibits were irrelevant and prejudicial and should have been excluded under Rules 401 and 402 of the N.C. Rules of Evidence. Exhibits 3-B and 3-C are copies of a motion to dismiss an appeal and order dismissing the appeal of defendant's prior conviction for driving under the influence of alcohol. It was defendant's conviction for this offense which resulted in the revocation of his license. We find that these exhibits are evidence of the finality of the judgment, and therefore, evidence of defendant's knowledge of the revocation of his license at the time of the offense in the case *sub judice*.

We agree with defendant that these exhibits are prejudicial. However, their probative value outweighs their prejudicial effect, and therefore, they are admissible under Rule 403 of the N.C. Rules of Evidence. We also note that defendant testified to the facts contained in these exhibits, thereby diminishing their prejudicial impact of admission into evidence.

For the above reasons, we find no error.

No error.

Judges PHILLIPS and GREENE concur.