STATE OF NORTH CAROLINA
v.
THEO CARAWAY, III
No. COA05-945
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Durham County Nos. 04 CRS 40377-78.
Attorney General Roy Cooper, by Assistant Attorney General Jane L. Oliver, for the State.
Brannon Strickland, PLLC, by Marlet M. Edwards, for defendant-appellant.
MARTIN, Chief Judge.
Defendant was indicted for two offenses of robbery with a dangerous weapon. The State presented evidence at trial which tended to show the following: On 2 January 2004, shortly after midnight, defendant Theo Caraway, Sherrod Turner, Dwight Brown, and Carlos Spane went to Miami Subs in Durham, North Carolina. When they arrived at the restaurant, Victor Buchanan and Brian Duke were eating there with a friend named Ben. When Buchanan, Duke and Ben left the restaurant, defendant, Turner, Brown and Spane followed them. Buchanan and Duke took Ben to Holt School so that Ben could pick up his car. After arriving in the school's parking lot, a car pulled up behind Buchanan's car. Defendant, Spane and Brown got out of the car. The four men then robbed Ben and Buchanan at gunpoint.
Defendant was convicted of two counts of robbery with a dangerous weapon and sentenced to a term of sixty-four to eighty-six months imprisonment. Defendant appeals.
Defendant argues that the trial court erred by denying his motion to dismiss for insufficiency of the evidence. However, we decline to review the assignment of error. Defendant moved to dismiss the case at the close of the State's evidence, but after it was denied, presented his own evidence. "Appellate Rule 10(b)(3) states when defendant presents evidence at trial, he waives his right on appeal to assert the trial court's error in denying the motion to dismiss at the close of the State's evidence."State v. Barfield, 127 N.C. App. 399, 401, 489 S.E.2d 905, 907 (1997) (citing State v. Davis, 101 N.C. App. 409, 411, 399 S.E.2d 371, 372 (1991)). Furthermore, defendant failed to renew his motion to dismiss at the close of the evidence. "[A] defendant who fails to make a motion to dismiss at the close of all of the evidence may not attack on appeal the sufficiency of the evidence at trial." State v. Spaugh, 321 N.C. 550, 552, 364 S.E.2d 368, 370 (1988). Thus, the assignment of error is waived and need not be addressed.
Appeal dismissed.
Judges BRYANT and GEER concur.
Report per Rule 30(e).