An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-656

NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2014

STATE OF NORTH CAROLINA

v.

Robeson County
Nos. 11 CRS 5000
09 CRS 57970
09 CRS 706839
09 IFS 707165
09 CRS 8828

TERRY DEAN SPIVEY, SR.

Appeal by defendant from judgment entered 19 October 2012 by Judge James Gregory Bell in Robeson County Superior Court. Heard in the Court of Appeals 11 December 2013.

> *Roy Cooper, Attorney General, by Kathryne E. Hathcock, Assistant Attorney General, for the State.*

> *T. Craig Wright for defendant-appellant.*

STEELMAN, Judge.

Where the exclusion of photographs of the scene of the collision would not have had a probable impact on the outcome of trial, the trial court did not commit plain error. Where other evidence supported the finding that defendant was the driver of the vehicle, the admission of a hearsay statement as to the

driver's identity was harmless error. Where defendant failed to offer legal arguments to support the exclusion of medical reports, this argument is deemed abandoned. Where defendant was not sentenced for both manslaughter and felony death by vehicle, the indictment alleging both offenses was not fatally flawed. Where the State presented evidence that defendant was found at the scene of the collision, pinned beneath the steering wheel, there was sufficient evidence that defendant was operating the vehicle at the time of the collision. The trial court did not err in denying defendant's motion to dismiss at the close of all of the evidence.

## I. Factual and Procedural Background

On 2 October 2009, Terry Dean Spivey, Sr., (defendant) attended a cookout at the home of his mother, along with his wife and six year-old granddaughter. Defendant consumed alcohol at the cookout. Defendant got into an altercation with his half-brother and stepfather, and left with his wife and granddaughter. Shortly thereafter, defendant returned, and smashed the windshields of his mother's and stepfather's vehicles. Defendant again departed.

At roughly 9:30 p.m. that evening, Lori and Jimmy Chavis heard a "loud bang sound" outside of their home, and discovered

defendant's vehicle in a ditch against an uprooted pine tree. Beer cans were scattered in the roadway and ditch. Mr. Chavis helped defendant's granddaughter from the vehicle, and Mrs. Chavis' mother cleaned up the girl's bloody nose until emergency responders arrived. Defendant requested assistance getting out of the vehicle, but could not be removed because his legs were pinned beneath the steering wheel. Mrs. Chavis noted that defendant smelled of alcohol.

Defendant's son arrived at the scene of the collision, and observed defendant pinned beneath the steering column. Defendant's wife informed defendant's son that she was dying.

Emergency responders found defendant pinned in the driver's seat by the steering wheel, his knees trapped under the dashboard. The driver's seat had to be forcibly repositioned to remove defendant. Defendant was not wearing a seatbelt, but insisted that he had been wearing one at the time of the collision. Assistant Chief Elaine Dixon-Parker of the South Robeson Rescue Squad testified that defendant's injuries were inconsistent with seatbelt usage, and defendant admitted at trial that he was not wearing a seatbelt at the time of the collision. The extraction team observed that defendant smelled of alcohol, that his breathing was heavy, that his speech was

slurred, and that there were open cans of alcohol in the vehicle.

In the front passenger seat of the vehicle, which had been hurled into the dashboard, rescue workers found defendant's wife. She was taken to the hospital in Chapel Hill, where she died sixteen days later from her injuries.

While defendant and his wife were being extracted, other emergency responders were attending to defendant's granddaughter, who stated that she had been seated in the back seat. She later informed emergency room doctors that defendant had been driving too fast, lost control, and struck a tree.

Defendant was charged with second-degree murder, aggravated felony death by vehicle, misdemeanor child abuse and reckless driving, failure to wear a seat belt, failure to secure a passenger under 16, driving while impaired, and driving while license revoked. The jury found defendant guilty of all criminal charges and responsible for all infractions. The jury also found the existence of an aggravating factor: that defendant committed the offense while on pretrial release on another charge. All of defendant's convictions were consolidated into one judgment, and defendant was sentenced to

an active term of imprisonment of 276-341 months, from the aggravated range.

Defendant appeals.

## II. Admission of Photographs

In his first argument, defendant contends that the trial court erred in admitting five photographs of the scene of the accident, showing a cross and flowers that were placed there after the accident. We disagree.

## A. Standard of Review

> [T]he plain error rule ... is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a "*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has "'resulted in a miscarriage of justice or in the denial to appellant of a fair trial'" or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Lawrence*, 365 N.C. 506, 516-17, 723 S.E.2d 326, 333 (2012) (quoting *State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)).

## B. Analysis

At trial, the State introduced five photographs of the tree at the scene of the collision. Several of these photographs were taken a year after the collision, and showed a cross and flowers, marking the site of the accident as a memorial. Defendant did not object to the admission of these photographs at trial, but now alleges that this was prejudicial, and that these photographs should not have been admitted. Because defendant did not make this objection at trial, we review the admission of these photographs for plain error.

In our review of the record, it appears that the evidence against defendant included these photographs, several reports, and eyewitness testimony. There was no shortage of evidence against defendant. The photographs themselves were admitted for illustrative purposes, to show how the tree had been uprooted by the impact. We hold that the exclusion of these photographs would not have "had a probable impact on the jury's finding that the defendant was guilty," and that the trial court did not commit plain error by admitting them into evidence.

This argument is without merit.

### III. Admission of Minor Child's Statement

In his second argument, defendant contends that the trial court erred in admitting the statement of defendant's

granddaughter to emergency responders as to who was driving the vehicle.  We disagree.

## A. Standard of Review

"The trial court's determination as to whether an out-of-court statement constitutes hearsay is reviewed de novo on appeal." *State v. Castaneda*, ___ N.C. App. ___, ___, 715 S.E.2d 290, 293, *appeal dismissed and disc. review denied*, 365 N.C. 354, 718 S.E.2d 148 (2011).

## B. Analysis

After the collision, defendant's minor granddaughter gave a statement to emergency responders that defendant was driving the vehicle.  At trial, the State sought to introduce this statement as a hearsay exception pursuant to Rule 803 of the North Carolina Rules of Evidence: a statement made in the course of medical treatment.  Defendant objected, and the trial court overruled the objection.  Defendant contends that the admission of the granddaughter's statement to emergency responders, without calling the granddaughter as a witness, violated his right to confront the witnesses against him.

Even assuming *arguendo* that the trial court erred in admitting this evidence, we hold that any error was harmless. In addition to the statement by defendant's granddaughter, other

witnesses testified that defendant's legs were pinned under the steering column, and that defendant was in the driver's seat subsequent to the collision. Defendant's wife, the only other adult in the vehicle, was found crushed inside of the front passenger seat, which had collapsed on top of her. The physical evidence at the scene of the accident demonstrated that defendant had to have been the operator of the vehicle at the time of the collision. We hold that any error resulting from the admission of the granddaughter's statement to medical examiners was harmless.

This argument is without merit.

## IV. Admission of Medical Reports

In his third argument, defendant contends that the trial court erred in admitting medical reports as evidence of his identity as the driver of the vehicle. We disagree.

At trial, the State introduced the medical reports of defendant's granddaughter, which contained statements that defendant was in the driver's seat, was driving too fast and lost control. Defendant objected, and the trial court overruled the objection. Defendant contends that the trial court admitted this evidence in error, but makes no legal argument as to why

this was error.  Accordingly, we deem this argument abandoned pursuant to N.C. R. App. P. 28(b).

This argument is without merit.

## V. Alleged Flaws in Indictment

In his fourth argument, defendant contends that the indictment for aggravated felony death by vehicle was fatally flawed.  We disagree.

## A. Standard of Review

"An attack on an indictment is waived when its validity is not challenged in the trial court." *State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341, *cert. denied*, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000). "However, where an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." *Id*.

## B. Analysis

Defendant was indicted for aggravated felony death by vehicle and second-degree murder.  With regard to the murder charge, the trial court instructed the jury as to the lesser included offense of involuntary manslaughter.

N.C. Gen. Stat. § 20-141.4 states that no defendant may be charged with both death by vehicle and manslaughter arising from the same incident. N.C. Gen. Stat. § 20-141.4(c) (2013). Defendant contends that the indictment alleging both was fatally flawed.

In our recent decision of *State v. Elmore*, ___ N.C. App. ___, 736 S.E.2d 568 (2012), we held that this statute prohibited a defendant from being sentenced for both manslaughter and felony death by vehicle. It did not hold that a defendant could not be indicted for both offenses. In the instant case, the jury was instructed on involuntary manslaughter as a lesser offense to second-degree murder, as well as felony death by vehicle. Defendant was found guilty of second-degree murder, not manslaughter, which is not prohibited by the statute. Accordingly, we hold that the indictment, alleging both murder and felony death by vehicle, was not fatally flawed.

This argument is without merit.

## VI. Motion to Dismiss

In his fifth and sixth arguments, defendant contends that the trial court erred in failing to grant his motion to dismiss at the close of the State's evidence and at the close of all of the evidence. We disagree.

## A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

"Our courts have consistently held that when a defendant presents evidence at trial, he waives his right on appeal to assert the trial court's error in denying the motion to dismiss at the close of the State's evidence." *State v. Davis*, 101 N.C. App. 409, 411, 399 S.E.2d 371, 372 (1991). Because defendant presented evidence at trial, our review is limited to the motion to dismiss at the close of all of the evidence.

## B. Analysis

At the close of the State's evidence, and again at the close of all of the evidence, defendant moved to dismiss the charges against him. Defendant contends that no evidence was presented to show that he was driving the vehicle at the time of the collision.

Pursuant to a motion to dismiss at the close of all of the evidence, "[t]he defendant's evidence, unless favorable to the State, is not to be taken into consideration, except when it is consistent with the State's evidence, the defendant's evidence may be used to explain or clarify that offered by the State[.]"

*State v. Abshire*, 363 N.C. 322, 328, 677 S.E.2d 444, 449 (2009) (citations and quotations omitted).

In the instant case, the State's evidence showed that defendant was found behind the steering wheel of the vehicle, that defendant was intoxicated, that defendant was not wearing a seatbelt, that defendant's granddaughter was not wearing a seatbelt, that defendant's driver's license had been revoked, and that defendant's driving caused the death of defendant's wife. Defendant's evidence, to the extent that it was inconsistent with or sought to rebut the State's evidence, was not to be considered by the trial court. We hold that the evidence presented at trial was sufficient to support all of the charges submitted to the jury. The trial court did not err in denying defendant's motion to dismiss at the close of all of the evidence.

This argument is without merit.

NO ERROR.

Judges STEPHENS and DAVIS concur.

Report per Rule 30(e).