STATE OF NORTH CAROLINA v. MARY ALICE BENNETT

No. 8617SC1166

(Filed 17 March 1987)

**False Pretense § 3.1— sale of insurance by unlicensed agent—insufficient evidence of false pretense**

 Evidence was insufficient to be submitted to the jury in a prosecution for obtaining property by false pretenses where it tended to show that defendant, who was not licensed to sell insurance for United American Insurance Company, did in fact sell two policies for that company and accept the premiums therefor, and defendant told the purchasers that the policies would be issued within five or six weeks but several months elapsed before they were issued, since this evidence did not raise an inference that defendant intended to cheat or defraud the purchasers in any way. N.C.G.S. § 14-100.

APPEAL by defendant from *Rousseau, Judge*. Judgment entered 11 June 1986 in Superior Court, STOKES County. Heard in the Court of Appeals 11 March 1987.

Defendant was charged in proper bills of indictment with two counts of obtaining property by false pretenses in violation of G.S. 14-100. At trial, the State presented evidence tending to show the following: In May 1984, defendant was an employee of the Watson Insurance Agency located in Mount Airy, North Carolina. On 19 May 1984, she went to the home of Minnie Price and her brother, Robert Price, to discuss insurance with them. She told each of them that a policy issued by United American In-

surance Company would be best for them. Defendant was licensed by the State of North Carolina to sell insurance for two insurance companies, but was not licensed to sell insurance for United American Insurance Company. Robert and Minnie Price each filled out and signed an insurance application for United American Insurance Company. Defendant accepted a cash premium payment of $208.00 from Minnie Price and a cash payment of $306.85 from Robert Price. She told them their policies would be issued in five or six weeks.

On that same day, Robert and Minnie Price told their niece, Mary Welch, that they had purchased insurance policies. In September 1984, Mary Welch asked them if they had received their policies. When they told her that they had not received them, she contacted the Watson Insurance Agency and the United American Insurance Company in Dallas, Texas. An employee of the insurance company informed her that they had received the application from her aunt, and that a policy had been issued to her. She then sent a letter to the insurance company requesting a refund of premium payments paid by her aunt and uncle. On or about 27 September 1984, Robert and Minnie Price received full refunds of the payments from United American Insurance Company and Minnie Price's insurance policy was cancelled. On 1 October 1984, the United American Insurance Company received an application for insurance for Robert Price. A policy was issued for him on 4 October 1984.

Defendant presented evidence tending to show that after the Prices filled out the insurance applications, she returned to the Watson Insurance Agency and gave the application and premium payments to another employee of the agency who was licensed to sell insurance for United American Insurance Company. He signed the applications and forwarded them and the payments to the company.

Defendant was found guilty as charged. From a judgment imposing a three-year prison sentence which was suspended and placing defendant on unsupervised probation for five years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General D. David Steinbock, for the State.*

*Kennedy, Kennedy, Kennedy and Kennedy, by Harvey L. Kennedy and Harold L. Kennedy, III, for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant contends the trial court erred in denying her motion to dismiss at the close of all the evidence. She argues that the evidence presented at trial, when taken in the light most favorable to the State, is insufficient to prove all of the elements of the offense of obtaining property by false pretense. We agree.

On a motion to dismiss, all evidence, whether introduced by the State or the defendant, which will support the charges contained in the bill of indictment, is considered in the light most favorable to the State and every reasonable inference, deducible from the evidence, is drawn in favor of the State. *State v. McCoy*, 303 N.C. 1, 277 S.E. 2d 515 (1981). The defendant's evidence may be considered insofar as it explains or clarifies or is not inconsistent with the State's evidence. *Id.*

G.S. 14-100, in pertinent part, provides:

> (a) If any person shall knowingly and designedly by means of any kind of false pretense whatsoever, whether the false pretense is of a past or subsisting fact or of a future fulfillment or event, obtain or attempt to obtain from any person within this State any money, goods, property, services, chose in action, or other thing of value with intent to cheat or defraud any person of such money, goods, property, services, chose in action or other thing of value, such person shall be guilty of a felony, and shall be punished as a Class H felon.

An essential element of the crime described in G.S. 14-100 is that the act be done "knowingly and designedly . . . with intent to cheat or defraud." *Id.* Intent is "seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." *State v. Hines*, 54 N.C. App. 529, 533, 284 S.E. 2d 164, 167 (1981). (Citations omitted.) In determining the absence or presence of intent, the jury may consider "the acts and conduct of the defendant and the general circumstances existing at the time of the alleged commission of the offense charged." *Id.*

The evidence introduced by the State in the present case tends to show that defendant obtained $208.00 from Minnie Price and $306.85 from Robert Price as premiums on insurance policies to be issued by United American Insurance Company. Evidence

tending to show that defendant was not licensed to sell insurance for United American Insurance Company is not sufficient to raise an inference that defendant intended to "cheat or defraud" the Prices, nor does the evidence tending to show that defendant told them that the policies would be issued within five to six weeks raise any such inference, in light of the evidence tending to show that the insurance policies were in fact issued. There is no evidence in the record tending to show that defendant intended to cheat or defraud the Prices in any way. The evidence in the record discloses that defendant intended to sell the Prices insurance policies, and that is precisely what she did. While the evidence may be sufficient for the jury to find that defendant was not licensed to sell insurance for United American Insurance Company, and that she did in fact sell these two policies, she is not charged with such an offense.

The judgment appealed from is reversed.

Reversed.

Judges WELLS and BECTON concur.