STATE OF NORTH CAROLINA v. THOMAS CLEVELAND BARFIELD

No. COA96-1317

(Filed 16 September 1997)

**1. Criminal Law § 666 (NCI4th Rev.)— presentation of evidence—waiver of prior motion to dismiss**

When defendant presents evidence at trial, he waives his right on appeal to assert the trial court's error in denying his motion to dismiss at the close of the State's evidence. N.C. R. App. P. 10(b)(3).

**2. False Pretenses, Cheats, and Related Offenses § 18 (NCI4th)— false pretense—sufficient evidence**

The evidence was sufficient to support defendant's conviction of the crime of false pretense where it tended to show that defendant obtained money for a promise to move a house, did not move the house, and retained the money, and that defendant had contracted with two other persons to move their houses but failed to do so and did not return their money.

**3. Criminal Law § 435 (NCI4th Rev.)— prosecutor's argument—defendant's failure to testify—curative instructions**

Any improper reference in the prosecutor's closing argument to defendant's failure to testify was cured by the trial court's immediate instruction for the jury to disregard the prosecutor's comment and follow the court's instructions on this point and the court's statement during the charge that defendant's silence was not to influence the jury's decision in any way.

**4. Criminal Law § 429 (NCI4th Rev.)— prosecutor's argument—failure to contradict State's evidence**

The prosecutor's jury argument in a prosecution for false pretense that defendant "offered you no reason why he did not do that work" was a proper comment on defendant's failure to produce witnesses or exculpatory evidence to contradict the State's evidence.

**5. Criminal Law § 473 (NCI4th Rev.)— prosecutor's argument—callousness of defense attorney**

The prosecutor's jury argument that "I hope you are not as callous, as not only the defendant, but as reflected in the closing

argument of his attorney" was not grossly improper and did not entitle defendant to a new trial.

**6. Evidence and Witnesses § 340 (NCI4th)— similar bad acts—admissibility to show intent and plan**

In a prosecution for false pretense based on defendant's failure to move the victim's house after being paid to do so, testimony by two witnesses that defendant failed to move their houses after they had paid defendant to do so was admissible to show the intent and plan of defendant.

Appeal by defendant from judgment entered 19 July 1995 by Judge James E. Ragan, III, in Pitt County Superior Court. Heard in the Court of Appeals 20 August 1997.

*Attorney General Michael F. Easley, by Assistant Attorney General Allyson K. Kurzmann, for the State.*

*Public Defender Robert L. Shoffner, Jr., by Assistant Public Defender Dewey T. O'Kelley, III, for defendant appellant.*

SMITH, Judge.

On 25 September 1992, Charles Jones bought a house located on Pitt Community College property. The College required Mr. Jones to remove the house by 1 April 1993, or forfeiture would result.

Mr. Jones contracted with defendant Thomas Cleveland Barfield on 24 October 1992 to move the house for $8,500.00. Mr. Jones paid a $1,000 down payment so that defendant could commence work and apply for the necessary permits. Defendant did not work on the house in October or November. Mr. Jones paid the remaining balance of $7,500 on 11 December 1992.

Subsequently, Mr. Jones discovered the new lot for the house was unsuitable. Thereafter, Mr. Jones purchased a second lot for his house and viewed the site with defendant. Defendant continued to assure Mr. Jones that the house could be moved by the April deadline. However, the house was never moved and Mr. Jones forfeited the $5,000 he paid for the house.

Defendant retained the money paid by Mr. Jones to move the house. Evidence was presented from other witnesses that defendant also failed to move their houses. In those instances, defendant kept the money as well.

Appellate review is confined to those exceptions which pertain to the argument presented. *Crockett v. First Fed. Sav. & Loan Assoc. of Charlotte*, 289 N.C. 620, 631, 224 S.E.2d 580, 588 (1976). To obtain appellate review, a question raised by an assignment of error must be presented and argued in the brief. *In re Appeal from Environmental Management Comm.*, 80 N.C. App. 1, 18, 341 S.E.2d 588, 598, *disc. review denied*, 317 N.C. 334, 346 S.E.2d 139 (1986). Questions raised by assignments of error which are not presented in a party's brief are deemed abandoned. *State v. Wilson*, 289 N.C. 531, 535, 223 S.E.2d 311, 313 (1976). Defendant's brief failed to address several assignments of error including numbers 6, 7, and 8. Therefore, these issues are abandoned.

[1] The first question presented by this appeal is whether the trial court erred in denying defendant's motion to dismiss at the close of the State's evidence. Appellate Rule 10(b)(3) states when defendant presents evidence at trial, he waives his right on appeal to assert the trial court's error in denying the motion to dismiss at the close of the State's evidence. *State v. Davis*, 101 N.C. App. 409, 411, 399 S.E.2d 371, 372 (1991). Therefore, this assignment of error need not be addressed.

[2] Second, defendant claims the trial court erred in denying the motion to dismiss at the close of all the evidence. In considering a motion to dismiss at the close of all the evidence, the trial court must view the evidence in the light most favorable to the State. *State v. Taylor*, 344 N.C. 31, 45, 473 S.E.2d 596 (1996). The test of the sufficiency of the evidence is whether a reasonable inference of defendant's guilt can be drawn. *State v. Gainey*, 343 N.C. 79, 85, 468 S.E.2d 227, 231 (1996). The court must determine whether there is substantial evidence of each element of the crime charged. *State v. O'Rourke*, 114 N.C. App. 435, 441, 442 S.E.2d 137, 140 (1994). Substantial evidence includes relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Id.* (citing *State v. Mooneyhan*, 104 N.C. App. 477, 481, 409 S.E.2d 700, 703 (1991)). The trial court is not required to determine that the evidence excludes every reasonable hypothesis of innocence before denying a defendant's motion to dismiss. *State v. Vause*, 328 N.C. 231, 237, 400 S.E.2d 57, 61 (1991) (citing *State v. Powell*, 299 N.C. 95, 101, 261 S.E.2d 114, 118 (1980)); *State v. Stephens*, 244 N.C. 380, 383-84, 93 S.E.2d 431, 433 (1956)).

The elements of false pretense are:

"(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive,

(3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another."

*State v. Childers*, 80 N.C. App. 236, 242, 341 S.E.2d 760, 764 (1986) (quoting *State v. Cronin*, 299 N.C. 229, 242, 262 S.E.2d 277, 286 (1980)), *disc. review denied*, 317 N.C. 337, 346 S.E.2d 142 (1986). Viewing the evidence in the light most favorable to the State, there is a reasonable inference defendant falsely represented he would move the house. This inference results from the testimony of two other witnesses who contracted with defendant and obtained the same results. In both of those instances, as well as this case, defendant obtained money for a promise to move their houses, did not move the houses, and retained the money without completing the job. Thus, the motion to dismiss at the close of all the evidence was properly denied.

[3] Next, defendant asserts that the trial court committed reversible error by allowing the prosecutor to argue during closing argument that defendant has a right not to testify. Any reference by the State to a defendant's failure to testify is prohibited. *State v. Reid*, 334 N.C. 551, 559, 434 S.E.2d 193, 199 (1993). In this case, the relevant portion of prosecutor's comments in the transcript is:

These folks—to call this man legitimate businessman, they haven't answered one question. You know, they don't have to answer. They have told you that. His Honor is going to tell you that. The defendant has a right not to testify and exercise that right—

Initially, we note that the above quote is apparently inaccurate in that the period should not be included in the next to the last line. In that event the last sentence would read "His Honor is going to tell you that the defendant has a right not to testify and exercise that right—" A trial court's failure to take the requisite curative measures at the time of the prosecution's improper comments or anytime thereafter constitutes error. *Reid*, 334 N.C. at 557, 434 S.E.2d at 197. The State's improper comment on defendant's exercise of his constitutional right is not cured by later instruction in the court's jury charge. *State v. Thompson*, 118 N.C. App. 33, 42, 454 S.E.2d 271, 276, *disc. review denied*, 340 N.C. 262, 456 S.E.2d 837 (1995).

In contrast, error may be cured by withdrawal of the remark or by an immediate statement from the court that it was improper, followed by a jury instruction to disregard it. *Id.* In this case, the prosecutor was attempting to give the law as it would be instructed by the

judge during the jury charge. Thereafter, the assistant public defender objected, made a motion to strike, and made a motion for a mistrial. Judge Ragan immediately stated to the jury he would "tell [them] what the law is in that regard and listen to [the judge] and follow the law as [he] gives[s] it to [them] on that point." With this curative instruction, the jury was put on notice to listen to the law the judge would give concerning defendant's failure to testify, and to disregard comments of prosecutor. Therefore, any improper reference to defendant's failure to testify was cured.

Furthermore, during the jury instructions the judge stated defendant's decision not to testify creates no presumption against him. The judge went even further and stated defendant's silence is not to influence the jury's decision in any way. Since the judge took the necessary curative measures immediately after the comment and during jury instructions, the error was cured.

In addition, comment on an accused's failure to testify does not call for an automatic reversal. *Reid*, 334 N.C. at 557, 434 S.E.2d at 198 (citing *United States v Hasting*, 461 U.S. 499, 76 L. Ed. 2d 96 (1983)). Instead, the comment requires the court to determine if the error is harmless beyond a reasonable doubt. *Id.* The evidence against defendant in this case, including testimony of two other witnesses, establishes that the argument was harmless beyond a reasonable doubt. From the evidence presented, the jury could have reasonably concluded defendant was guilty.

[4] Defendant also claims the trial court erred when it allowed the prosecutor to state that defendant "offered you no reason why he did not do that work." "The prosecution may comment on a defendant's failure to produce witnesses or exculpatory evidence to contradict or refute evidence presented by the State." *Reid*, 334 N.C. at 555, 434 S.E.2d at 196 (citing *State v. Mason*, 315 N.C. 724, 732, 340 S.E.2d 430, 436 (1986)). This statement falls into this category. Therefore, the trial court did not err in allowing this statement.

[5] Defendant also claims the trial court erred when it allowed the prosecutor to argue to the jury: "I hope you are not as callous, as not only the defendant, but as reflected in the closing argument of his attorney—" It is well established that a trial attorney may not make uncomplimentary comments about opposing counsel. *State v. Sanderson*, 336 N.C. 1, 10, 442 S.E.2d 33, 39 (1994) (citing *State v. Miller*, 271 N.C. 646, 658-59, 157 S.E.2d 335, 346 (1967)). However, whether counsel has abused the wide latitude accorded closing argu-

**STATE v. BARFIELD**

[127 N.C. App. 399 (1997)]

ment is a matter ordinarily left to the sound discretion of the trial judge. *State v. Thompson*, 118 N.C. App. 33, 43, 454 S.E.2d 271, 277 (citing *State v. Myers*, 299 N.C. 671, 680, 263 S.E.2d 768, 774 (1980)), *disc. review denied*, 340 N.C. 262, 456 S.E.2d 837 (1995). The exercise of this discretion will not be reviewed on appeal "unless there be such gross impropriety in the argument as would likely influence the verdict of the jury." *Id.* A new trial is awarded only in cases of extreme abuse. *State v. Bailey*, 49 N.C. App. 377, 384, 271 S.E.2d 752, 756 (1980), *disc. review denied*, 301 N.C. 723, 276 S.E.2d 288 (1981). In this case, there was no abuse of discretion and therefore the trial judge's ruling will not be disturbed.

[6] Finally, defendant contends the trial court erred by allowing "similar bad act" evidence outside the scope of N.C. Gen. Stat. § 8C-1, Rule 404(b). Two witnesses testified they also contracted with defendant to move their houses with the same results as in this case. Neither house was moved and defendant did not return their money. Rule 404(b) states that evidence of other crimes, wrongs, or acts is not admissible to prove character conformity, but may be admissible for other purposes. *See State v. Childers*, 80 N.C. App. 236, 243, 341 S.E.2d 760, 765 (1986). These other purposes include proof of motive, intent, plan, and knowledge. *Id.* In this case, the testimony of the two witnesses was used to show the intent or plan of defendant. Therefore, this testimony is admissible for such purpose.

Furthermore, exclusion of evidence under N.C. Gen. Stat. § 8C-1, Rule 403 is a balancing test within the sound discretion of the trial court. *State v. Schultz*, 88 N.C. App. 197, 203, 362 S.E.2d 853, 857 (1987), *aff'd*, 322 N.C. 467, 368 S.E.2d 377 (1988). The ruling will not be disturbed absent an abuse of discretion. *Id.* In this situation, the trial judge found the evidence was more probative than prejudicial. Therefore, the evidence of similar acts is admissible.

For the foregoing reasons, we find that the defendant's trial was free from prejudicial error.

No prejudicial error.

Judges WYNN and JOHN concur.