THE NORTH CAROLINA STATE BAR, PLAINTIFF v. WILLIE D. GILBERT, II, DEFENDANT

No. COA07-74

(Filed 18 March 2008)

**1. Conversion— attorney—client funds**

The trial court correctly concluded that an attorney committed the tort of conversion where defendant used funds clients believed were for expenses for personal expenses.

**2. Conversion— attorney using client funds—statute of limitations defense—estoppel**

The trial court correctly concluded that an attorney was equitably estopped from asserting the statute of limitations as a defense to conversion. Defendant used his clients' funds without their consent and may not unjustly benefit from the clients' delayed discovery.

**3. Fraud— attorney use of client funds—recast from conversion**

The trial court did not err by failing to dismiss plaintiff's action because it was recast by the trial court from conversion to fraud. Although defendant argues that fraud must be pled with particularity, plaintiff alleged wrongful conversion of client funds and statutory fraud, with double damages pursuant to N.C.G.S. § 84-13.

**4. Fraud— attorney—conversion of funds—fraudulent**

A claim for statutory fraud pursuant to N.C.G.S. § 84-13 against an attorney was adequately supported by his misconduct. His conversion of funds and breach of fiduciary duty are presumed to be fraudulent.

**5. Fraud— attorney—conversion of client funds—compensatory damages**

The trial court did not err by awarding compensatory damages against an attorney who committed statutory fraud. Defendant breached his fiduciary duty to his clients and converted their funds, which caused them a loss, and entitled them to double damages under N.C.G.S. § 84-13.

**6. Fraud— attorney—conversion of client funds—statute of limitations**

The trial court did not err by failing to dismiss the State Bar's action against an attorney for fraud for violation of the statute of limitations. There was a rational basis for the trial court's finding that the clients could not have discovered the fraud until defendant's deposition, when defendant admitted not paying for items listed in an expense summary furnished to the clients.

**7. Accord and Satisfaction— attorney use of client funds—settlement agreement not performed**

The trial court did not err by failing to dismiss the State Bar's action against an attorney as barred by the doctrine of accord and

satisfaction. There was no accord and satisfaction because defendant did not perform.

**8. Collateral Estoppel and Res Judicata— actions by State Bar— DHC and Client Security Fund—independent operations**

The State Bar's action against an attorney was not barred by res judicata and collateral estoppel where the parties were not the same as in the first action; while both actions were brought by the State Bar, the first was by the DHC, and the second by the Client Security Fund, which operate independently with distinctly different functions. Moreover, the Fund is a subrogee to the clients to the extent of reimbursement, and they were not a party to the first proceeding. Defendant made no argument supporting collateral estoppel.

**9. Estoppel— judicial—no identity of parties**

The State Bar's action against an attorney was not barred by judicial estoppel because the parties were not the same as in the earlier action, and thus there has been no change in position by plaintiff.

**10. Laches— State Bar action against attorney—knowledge of claim**

The trial court did not err by failing to dismiss the State Bar's action against an attorney where defendant contended that it was barred by the doctrine of laches. Defendant introduced no evidence that defendant's clients knew of the claim until it was uncovered in a deposition.

**11. Subrogation— attorney abuse of clients' funds—Client Security Fund**

The trial court did not err by finding that the State Bar had a valid right of subrogation in an action against an attorney. The Client Security Fund has a right of subrogation upon reimbursement to an injured client; defendant did not cite any rules that the Fund violated. No additional action is necessary to establish a subrogation interest.

**12. Damages— punitive—interest**

The trial court erred by awarding interest on punitive damages in an action by the State Bar against an attorney. The parties agree that interest is allowed only for compensatory damages, but plaintiff argued that the error was not preserved for appeal.

However, plaintiff would not be substantially prejudiced, review of the error would not violate the integrity of the Rules of Appellate Procedure, and it is in keeping with public policy to avoid an undeserved windfall.

**13. Pleadings— State Bar action against attorney—sanctions denied**

The trial court did not abuse its discretion by denying defendant's motion for Rule 11 sanctions in an action by the State Bar against an attorney. Defendant failed to present evidence supporting his motion for sanctions.

Appeal by defendant from judgment entered 18 July 2006 by Judge Jane P. Gray in Wake County District Court. Heard in the Court of Appeals 15 October 2007.

*The North Carolina State Bar, by Deputy Counsel A. Root Edmonson, for plaintiff appellee.*

*Michaux & Michaux, P.A., by Eric C. Michaux, for defendant appellant.*

McCULLOUGH, Judge.

This case returns to us on appeal from an 18 July 2006 order finding that Willie D. Gilbert, II, ("defendant") engaged in fraudulent conduct and conversion while serving in his capacity as attorney for Michelle and Sanjay Munavalli ("Munavallis"). A summary of the facts of this case can be found in our unpublished 7 March 2006 opinion, in which we affirmed in part and vacated and remanded in part to the district court for additional findings of fact. *See N.C. State Bar v. Gilbert*, 176 N.C. App. 408, 626 S.E.2d 877 (2006).

We also note that the North Carolina State Bar ("the State Bar") has filed two separate actions against defendant. The State Bar's first action against defendant was a disciplinary action brought before the North Carolina State Bar Disciplinary Hearing Commission ("DHC"). *See N.C. State Bar v. Gilbert*, 151 N.C. App. 299, 566 S.E.2d 685 (2002), *aff'd*, 357 N.C. 502, 586 S.E.2d 89 (2003) (first action referred to as *"Gilbert I"*). Here, in its second action against defendant, the State Bar has filed its claims on behalf of the Client Security Fund ("the Fund"), seeking reimbursement for funds paid to the Munavallis as compensation for damages caused by defendant's conduct (second action referred to as *"Gilbert II"*).

## Wrongful Conversion

[1] In defendant's first argument, he contends the trial court erred in finding that he committed the tort of conversion. We disagree.

Whether a conclusion of law is supported by the findings of fact is a question of law which we review *de novo*. *State v. Campbell*, 359 N.C. 644, 662, 617 S.E.2d 1, 13 (2005), *cert. denied*, 547 U.S. 1073, 164 L. Ed. 2d 523 (2006).

The tort of conversion requires (1) an unauthorized assumption and exercise of right of ownership over property belonging to another and (2) a wrongful deprivation of it by the owner, regardless of the subsequent application of the converted property. *State ex rel. Pilard v. Berninger*, 154 N.C. App. 45, 57, 571 S.E.2d 836, 844 (2002), *disc. review denied*, 356 N.C. 694, 579 S.E.2d 100 (2003). Defendant argues there was no conversion because (1) the Munavallis did not intend to earmark any part of the $6,800 expense payment for the CD-ROMs; (2) defendant did not use the funds for any purposes unauthorized by the Munavallis; and (3) defendant's receipt of the $4,627.43 at issue in this case was authorized. Defendant's arguments fail because the itemized statement of expenses he sent to the Munavallis included $4,627.43 for the CD-ROMs, which served as justification for retaining part of the Munavalli's funds; thus, the Munavallis were led to believe that the $6,800 was paid for expenses which included the CD-ROMs. Defendant's use of the $6,800 for personal expenses was an unauthorized assumption and exercise of right of ownership of the Munavallis' property. Accordingly, we affirm the trial court's conclusion that defendant committed the tort of conversion.

## Equitable Estoppel

[2] In defendant's second argument, he contends the trial court erred by concluding that defendant is equitably estopped from asserting the statute of limitations as a defense to conversion. We disagree.

Under the doctrine of implied consent, plaintiff's failure to plead an affirmative defense does not result in waiver where some evidence is introduced at trial pertinent to the elements of the affirmative defense. *Duke Univ. v. St. Paul Mercury Ins. Co.*, 95 N.C. App. 663, 673, 384 S.E.2d 36, 42 (1989). On remand, the trial court found that, although plaintiff did not expressly plead this defense, there was sufficient evidence introduced at trial to support all elements of equitable estoppel.

Equitable estoppel prohibits a party "from using a statute of limitations as a sword, so as to unjustly benefit from his own conduct . . . ." *White v. Consolidated Planning, Inc.*, 166 N.C. App. 283, 305, 603 S.E.2d 147, 162 (2004) (quoting *Friedland v. Gales*, 131 N.C. App. 802, 806, 509 S.E.2d 793, 796 (1998)), *disc. review denied*, 359 N.C. 286, 610 S.E.2d 717 (2005). In this case, defendant used his clients' funds without their knowledge or consent, in violation of Revised Rules of N.C. Prof'l Conduct R. 1.15-2(h) (1997), and may not unjustly benefit from the Munavallis' delayed discovery. Accordingly, we affirm the trial court's ruling that defendant is equitably estopped from asserting the statute of limitations for conversion.

### Fraud

**[3]** In defendant's third argument, he contends the trial court erred in failing to dismiss plaintiff's action because it was improperly recast as fraud. We disagree.

Defendant argues that N.C. R. Civ. P. 9(b) (2007) requires fraud to be pled with particularity, and that the lower court improperly recast the conversion lawsuit into a fraud lawsuit. "When an attorney breaches the duty owed to his client, there is a presumption of fraud." *Booher v. Frue*, 98 N.C. App. 570, 584, 394 S.E.2d 816, 823, *disc. review denied*, 327 N.C. 426, 395 S.E.2d 674 (1990). Because plaintiff alleged wrongful conversion of client funds and statutory fraud in the complaint, this argument is meritless. In the complaint, plaintiff requested double damages pursuant to N.C. Gen. Stat. § 84-13 (2007), which provides:

> If any attorney commits any *fraudulent practice*, he shall be liable in an action to the party injured, and on the verdict passing against him, judgment shall be given for the plaintiff to recover double damages.

*Id.* (emphasis added). No further specificity is required for a claim of statutory fraud pursuant to N.C. Gen. Stat. § 84-13. Thus, plaintiff's original complaint asserted a claim for fraud. Accordingly, defendant's argument is meritless.

In defendant's fourth argument, he contends the trial court erred in finding that he committed fraud. We disagree.

**[4]** As stated earlier, plaintiff's claim for statutory fraud pursuant to N.C. Gen. Stat. § 84-13 was adequately supported by defendant's misconduct. Defendant's conversion and breach of fiduciary duty are

presumed to be fraudulent. Accordingly, we affirm the trial court's conclusion that defendant violated N.C. Gen. Stat. § 84-13.

## Compensatory Damages

**[5]** In defendant's fifth argument, he contends the trial court erred in awarding plaintiff compensatory damages. We disagree.

Defendant argues that the trial court lacked sufficient competent evidence to establish that the Munavallis suffered a loss. According to defendant, the Munavallis were not eligible for a reimbursement by the Fund because legal liability for the unpaid CD-ROMs is on defendant, not the Munavallis. Defendant argues that since the Munavallis are not liable for the CD-ROMs, they suffered no loss, are not eligible for compensatory damages, and cannot recover double damages under N.C. Gen. Stat. § 84-13. Defendant's argument is meritless. As stated earlier, defendant breached his fiduciary duty to the Munavallis and converted their funds, which caused a loss to the Munavallis, who were then entitled to double damages under N.C. Gen. Stat. § 84-13. Accordingly, we affirm the trial court's award of compensatory damages.

## Statute of Limitations for Fraud

**[6]** In defendant's sixth argument, he contends the trial court erred in failing to dismiss plaintiff's action for fraud because it is barred by the statute of limitations. We disagree.

Defendant argues that the discovery provision of N.C. Gen. Stat. § 1-52(9) (2007)[1] does not apply in this case because plaintiff failed to present any testimony from the Munavallis on this point. According to defendant, the statute of limitations for fraud expired either on 20 April 2001, three years after the disputed list of expenses was given to the Munavallis, or on 2 June 2001, three years after defendant emptied the Munavallis' client fund account. When deposed on 20 April 2000, defendant admitted he had not paid for the CD-ROMs listed in the expense summary. The trial court found that the Munavallis had no way of knowing that defendant failed to pay for the CD-ROMs until defendant's deposition. The record contains a rational basis for this finding. Thus, we affirm the trial court's finding that the accrual date for fraud was 20 April 2000, and that the complaint, filed on 16 April 2002, was well within the statute of limitations. Accordingly, we af-

---

1. "(9) For relief on the ground of fraud or mistake[,] the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." *Id.*

N.C. STATE BAR v. GILBERT

[189 N.C. App. 320 (2008)]

firm the trial court's conclusion that plaintiff's claim for fraud was not barred by the statute of limitations.

### Accord and Satisfaction

**[7]** In defendant's seventh argument, he contends the trial court erred in failing to dismiss plaintiff's action because it is barred by the doctrine of accord and satisfaction. We disagree.

> "An 'accord' is an agreement whereby one of the parties undertakes to give or perform, and the other to accept, in satisfaction of a claim, liquidated or in dispute, and arising either from contract or tort, something other than or different from what he is, or considered himself entitled to; and a 'satisfaction' is the execution or performance, of such agreement . . . ."

> [T]he existence of an accord and satisfaction is a question of fact[.]

*Sharpe v. Nationwide Mut. Fire Ins. Co.*, 62 N.C. App. 564, 565, 302 S.E.2d 893, 894 (quoting *Allgood v. Wilmington Sav. & Trust Co.*, 242 N.C. 506, 515, 88 S.E.2d 825, 830-31 (1955)), *cert. denied*, 309 N.C. 823, 310 S.E.2d 353 (1983). " 'Not until performance, which is called *satisfaction*, however, is the original duty discharged.' " *Hassett v. Dixie Furniture Co.*, 333 N.C. 307, 313-14, 425 S.E.2d 683, 686 (1993) (quoting E. Allen Farnsworth, *Contracts* § 4.24, at 285 (1982)). Defendant argues there was accord and satisfaction when the Munavallis agreed to settle all expenses for $6,800. The trial court found that even if there was an agreement to settle all expenses for $6,800, "Gilbert failed to perform according to the terms of that agreement by failing to use any part of the $6,800 he retained to pay for the CD-ROM expenses he represented to the Munavallis as having been already actually paid or incurred." We conclude that this finding of fact is within the trial court's discretion. Accordingly, this argument is rejected.[2]

### *Res Judicata* and Collateral Estoppel

**[8]** In defendant's eighth argument, he contends the trial court erred in failing to dismiss plaintiff's action because it is barred by the doctrines of *res judicata* and collateral estoppel. We disagree.

---

2. Defendant also contends the trial court erred in rejecting defendant's argument that plaintiff is equitably estopped from bringing this action by the doctrine of accord and satisfaction. Because we affirm the trial court's finding that there was no accord and satisfaction, this argument fails.

*Res judicata* operates to bar an action if (1) the previous suit resulted in a final judgment on the merits, (2) the same cause of action is involved, and (3) the same parties (or their privies) are involved in the two actions. *Caswell Realty Assoc. v. Andrews Co.*, 128 N.C. App. 716, 720, 496 S.E.2d 607, 610 (1998). Defendant argues that *res judicata* bars this action because (1) a final judgment was reached on the merits in *Gilbert I*, (2) it is between the same parties or their privies, and (3) it addresses issues that either were, or could have been, raised by the N.C. State Bar in the earlier disciplinary action against defendant in *Gilbert I*. The parties in *Gilbert I* and the action before us, however, are not the same. While both actions were brought by the North Carolina State Bar, the Fund has brought this action, and the DHC brought the action in *Gilbert I*. The Fund and DHC operate independently with distinctly different functions. *See* 27 N.C. Admin. Code 1D.1401-1420 (2006); N.C. Gen. Stat. §§ 84-28 to -28.1 (2007). Moreover, the Fund in this action is a subrogee to the rights of the Munavallis to the extent of the reimbursement. Because the Munavallis were not a party to the DHC proceedings in *Gilbert I*, defendant's affirmative defense of *res judicata* fails. Accordingly, we affirm the trial court's rejection of defendant's affirmative defense of *res judicata*.

In his brief, defendant fails to make any argument supporting his affirmative defense of collateral estoppel.[3] "To obtain appellate review, a question raised by an assignment of error must be presented *and argued* in the brief." *State v. Barfield*, 127 N.C. App. 399, 401, 489 S.E.2d 905, 907 (1997) (emphasis added). Accordingly, we deem defendant's collateral estoppel argument to be abandoned.

### Judicial Estoppel

**[9]** In defendant's ninth argument, he contends the trial court erred in failing to dismiss plaintiff's action because it is barred by the doctrine of judicial estoppel. We disagree.

Judicial estoppel requires proof of three elements: (1) the party's subsequent position is clearly inconsistent with an earlier position; (2) the earlier position was accepted by a court, thus creating the potential for judicial inconsistencies; and (3) the change in positions creates an unfair advantage or unfair detriment. *Whitacre P'ship v. BioSignia, Inc.*, 358 N.C. 1, 29, 591 S.E.2d 870, 888-89 (2004). De-

---

3. Defendant's brief references "collateral estoppel" in the heading of a section, but no substantive arguments are made supporting the affirmative defense of collateral estoppel.

fendant argues that judicial estoppel applies to bar this action because plaintiff has taken a position that is legally inconsistent with the position in *Gilbert I*. As stated above, the parties in this action and *Gilbert I* are not the same, thus defendant's judicial estoppel argument is meritless because there was no earlier position. Accordingly, we affirm the trial's conclusion that judicial estoppel does not bar plaintiff's action.

## Laches

**[10]** In defendant's tenth argument, he contends the trial court erred in failing to dismiss plaintiff's action because it is barred by the doctrine of laches. We disagree.

Laches is an affirmative defense that requires proof of three elements: (1) the delay must result in some change in the property condition or relations of the parties, (2) the delay must be unreasonable and harmful, and (3) the claimant must not know of the existence of the grounds for the claim. *MMR Holdings, LLC v. City of Charlotte*, 148 N.C. App. 208, 209-10, 558 S.E.2d 197, 198 (2001). Defendant failed to establish the third element of this defense because he introduced no evidence that the Munavallis knew of the claim until it was uncovered in defendant's 20 May 2000 deposition. Accordingly, we affirm the trial court's rejection of this defense.

## Subrogation

**[11]** In defendant's eleventh argument, he contends the trial court erred in finding that plaintiff had a valid right of subrogation. We disagree.

Defendant argues that there was no valid right of subrogation because the Fund violated its own rules in awarding the Munavallis a reimbursement and in obtaining a valid right of subrogation. The Fund has a right of subrogation upon reimbursement to an injured client.[4] No additional action is necessary to establish a subrogation interest. *See In re Gertzman*, 115 N.C. App. 634, 635-36, 446 S.E.2d 130, 132 (1994) ("If the Board approves payment to a claimant, the State Bar is subrogated to the rights of the claimant to the extent of any reimbursement by the Fund plus expenses."). Defendant fails to cite any rules that the Fund allegedly violated. Accordingly, we find defendant's argument to be meritless.

---

4. "In the event reimbursement is made to an applicant, the State Bar shall be subrogated to the amount reimbursed and may bring an action against the attorney . . . ." 27 N.C. Admin. Code 1D.1419(a) (2006).

### Interest Calculation

**[12]** In defendant's twelfth argument, he contends the trial court erred in awarding interest on punitive damages. We agree.

Defendant argues, and plaintiff concedes, that the trial court erred in awarding pre-judgment and post-judgment interest to both the compensatory damages and the punitive double damages. Both parties agree that N.C. Gen. Stat. § 24-5(b) (2007) only allows interest for compensatory damages. Plaintiff argues that defendant is barred from raising this error because the issue was not preserved for appellate review pursuant to N.C. R. App. P. 10(b)(1) (2008). However, this Court does not "treat[] violations of the Rules [of Appellate Procedure] as grounds for automatic dismissal. Instead, the Court has weighed (1) the impact of the violations on the appellee, (2) the importance of upholding the integrity of the Rules, and (3) the public policy reasons for reaching the merits in a particular case." *Hammonds v. Lumbee River Elec. Membership Corp.*, 178 N.C. App. 1, 15, 631 S.E.2d 1, 10, *disc. review denied*, 360 N.C. 576, 635 S.E.2d 598 (2006). Applied to the present facts, (1) plaintiff would not be substantially prejudiced, (2) review of this error would not violate the integrity of the Rules of Appellate Procedure, and (3) it is in keeping with public policy to avoid an undeserved windfall. Accordingly, we vacate the trial court's award of interest and remand for a new calculation of interest based on N.C. Gen. Stat. § 24-5.

### Rule 11 Sanctions

**[13]** In defendant's thirteenth argument, he contends the trial court erred in denying defendant's motion for N.C. R. Civ. P. 11 (2007) ("Rule 11") sanctions. We disagree.

The standard of review for Rule 11 sanctions is whether the trial court's decision was an abuse of discretion. *Turner v. Duke University*, 101 N.C. App. 276, 280, 399 S.E.2d 402, 405, *disc. review denied*, 329 N.C. 505, 407 S.E.2d 552 (1991). Because defendant failed to present evidence supporting his motion for sanctions, the trial court did not abuse its discretion in denying sanctions. Accordingly, we affirm the trial court's denial of Rule 11 sanctions.

For the previously discussed reasons, we affirm in part and vacate and remand in part to the trial court for a new calculation of damages.

Affirmed in part, vacated and remanded in part.

Chief Judge MARTIN and Judge ELMORE concur.