IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-29

Filed 2 July 2024

Duplin County, No. 20 CRS 051388

STATE OF NORTH CAROLINA

v.

WILLIE CARL HORTON, JR., Defendant.

Appeal by Defendant from judgment entered 15 June 2022 by Judge Frank Jones in Duplin County Superior Court. Heard in the Court of Appeals 14 May 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Christine M. Ryan, for the State.*

*Wake Forest University School of Law Appellate Advocacy Clinic, by John J. Korzen, for Defendant.*

GRIFFIN, Judge.

Defendant appeals from judgment entered after a jury found him guilty of failure to work after being paid and obtaining property by false pretenses. Defendant contends the indictment and the State's evidence at trial were insufficient to sustain a conviction of obtaining property by false pretenses where the indictment and evidence both failed to allege and/or prove the essential element of intent. We find no error.

## I. Factual and Procedural Background

On 4 June 2020, L. Britt paid Defendant $4,000 to complete construction work

on his home. Britt repeatedly inquired as to when Defendant would begin work on his home. Defendant initially provided excuses for his delay, but after several months, Defendant stopped taking Britt's phone calls.

At some point, Britt's sister, T. Ard, became involved as she often helped her brother handle his business affairs.

On or around 18 September 2020, Ard contacted Duplin County Sheriff's Office who began investigating the matter. Detective Green contacted Defendant and told him Britt and Ard had filed a report but would prefer him to return the $4,000. Defendant agreed to meet Britt and Ard on 25 September 2020 to return the $4,000 but failed to do so.

On 24 May 2021, Defendant was indicted for failing to work after being paid and obtaining property by false pretenses, in violation of N.C. Gen. Stat. §§ 14-104 and 14-100, respectively. An ancillary indictment also charged Defendant with attaining habitual felon status.

On 13 June 2022, the matter came on for trial before Judge Jones in Duplin County Superior Court. On 15 June 2022, the jury found Defendant guilty of failing to work after being paid and obtaining property by false pretenses. Defendant further pled guilty to attaining habitual felon status. Defendant was sentenced to 63 to 88 months' imprisonment. On 16 June 2022, Defendant noticed appeal in open court.

On 6 June 2023, this Court dismissed Defendant's appeal stating Defendant failed to timely file notice of appeal in violation of Rule 4 of the North Carolina Rules

of Appellate Procedure. On 22 June 2023, Defendant filed a petition for writ of certiorari, requesting this Court review the merits of his appeal. On 28 August 2023, this Court granted Defendant's petition to allow this appeal.

## II. Analysis

Defendant contends the trial court was without jurisdiction to enter judgment against him as the indictment was insufficient to charge Defendant with obtaining property by false pretenses, in violation of N.C. Gen. Stat. § 14-100. Defendant further contends the trial court erred in denying his motion to dismiss as there was insufficient evidence to sustain Defendant's conviction under N.C. Gen. Stat. § 14-100.

## A. Sufficiency of the Indictment

Defendant specifically contends the indictment failed to allege the essential element of intent as the facts asserted only a breach of contract, in violation of N.C. Gen. Stat. § 14-100(b). We disagree.

Although Defendant did not object to the sufficiency of the indictment prior to this appeal, he may raise an issue concerning the sufficiency of an indictment for the first time on appeal. *State v. Ellis*, 368 N.C. 342, 345, 776 S.E.2d 675, 678 (2015). In doing so, Defendant "must show that the indictment contained a statutory or constitutional defect and that such error was prejudicial." *State v. Stewart*, No. 23PA22, slip op. at 6 (N.C. May 23, 2024). We review Defendant's contentions here de novo to determine whether the indictment was sufficient to charge Defendant with

obtaining property by false pretenses. *See State v. Pender*, 243 N.C. App. 142, 146, 776 S.E.2d 352, 357 (2015).

An indictment is a formal accusation against a defendant which serves to charge him with committing a criminal offense. *See State v. Abbott*, 217 N.C. App. 614, 617, 720 S.E.2d 437, 439 (2011). The purpose of an indictment is to "identify clearly the crime being charged, thereby putting the [defendant] on reasonable notice to defend against it and prepare for trial, and to protect the [defendant] from being jeopardized by the State more than once for the same crime." *State v. White*, 372 N.C. 248, 250, 827 S.E.2d 80, 82 (2019) (internal marks and citation omitted).

Generally, "an indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words." *State v. Harris*, 219 N.C. App. 590, 593, 724 S.E.2d 633, 636 (2012) (internal marks and citation omitted); *see also State v. Coker*, 312 N.C. 432, 435, 323 S.E.2d 343, 346 (1984) ("It is generally held that the language in a statutorily prescribed form of criminal pleading is sufficient if the act or omission is clearly set forth so that a person of common understanding may know what is intended."). An indictment must therefore contain:

> A plain and concise factual statement in each count which, . . . asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation.

N.C. Gen. Stat. § 15A-924(a)(5) (2023). Still, our Supreme Court recently reiterated,

"the plain language and intent of the law has been to move away from common law pleading requirements in criminal cases which were overwrought with technicalities." *State v. Singleton*, 318PA22, slip op. at 1 (N.C. May 23, 2024). Thus, although a valid bill of indictment is essential to confer jurisdiction upon the trial court, "a mere pleading deficiency in an indictment [will] not deprive the courts of jurisdiction." *Singleton*, 318PA22, slip op. at 48. As such, the test used to determine the validity of an indictment is simply, "'whether the indictment alleges facts supporting the essential elements of the offense to be charged.'" *Stewart*, No. 23PA22, slip op. at 6 (quoting *State v. Newborn*, 384 N.C. 656, 659, 887 S.E.2d 868, 871 (2023)).

North Carolina General Statutes, section 14-100, criminalizes the act of obtaining property by false pretenses, stating:

> If any person shall knowingly and designedly by means of any kind of false pretense whatsoever, whether the false pretense is of a past or subsisting fact or of a future fulfillment or event, obtain or attempt to obtain from any person within this State any money, goods, property, services, chose in action, or other thing of value with intent to cheat or defraud any person of such money, goods, property, services, chose in action or other thing of value, such person shall be guilty of a felony.

N.C. Gen. Stat. § 14-100 (2023). Relevant here, the essential elements of the offense include: (1) the defendant made a false representation; (2) the defendant intended the false representation to deceive; (3) the false representation did deceive; and (4) the defendant obtained money from another person as a result of the false representation. *See State v. Hussain*, 291 N.C. App. 253, 259, 895 S.E.2d 447, 452 (2023) (citation

- 5 -

omitted). As to an indictment charging a defendant with obtaining property by false pretenses, N.C. Gen. Stat. § 14-100(a) specifically states, "it shall be sufficient [for the indictment] to allege that the party accused did the act with intent to defraud, without alleging an intent to defraud any particular person, and without alleging any ownership of the money[.]" N.C. Gen. Stat. § 14-100(a).

Here, the indictment includes a factual statement as to each essential element of N.C. Gen. Stat. § 14-100 and Defendant's commission thereof:

> [Defendant] [ ] unlawfully and willfully and feloniously did knowingly and designedly, with the intent to cheat and defraud, obtain or attempt to obtain $4,000 US Currency from [victim] by means of false pretense which was calculated to deceive and did deceive.

> The false pretense consisted of the following: [D]efendant accepted $4,000 from [victim] as a deposit to replace windows on [victim's] house when [D]efendant did not begin any work on [victim's] house nor did he replace any windows on the home.

Still, Defendant argues the indictment did not sufficiently allege the essential element of intent as the facts asserted allege only a breach of contract in violation of N.C. Gen. Stat. § 14-100(b).

N.C. Gen. Stat. § 14-100(b) notes, "evidence of nonfulfillment of a contract, without more, cannot establish the essential element of intent." N.C. Gen. Stat. § 14-100(b). Despite Defendant's contention, this section in no way relates to what is required in an indictment charging a defendant with obtaining property by false pretenses. Instead, section 14-100(b) directly relates to the sufficiency of the State's

evidence offered to prove intent at trial, not the facts to be asserted in the indictment. An indictment is not required to establish the essential elements of the crime charged; rather, an indictment only needs to assert facts supporting each element of the offense. *See* N.C. Gen. Stat. § 15A-924(a)(5). Moreover, as to the essential element of intent, N.C. Gen. Stat. § 14-100(a) specifically states, an indictment charging a defendant with obtaining property by false pretenses need only allege the defendant acted with the intent to defraud. The statute does not require the indictment allege all the evidence the State plans to introduce at trial to prove intent. To do so would directly conflict with our precedent which shows a major deviation from the hyper-technical pleading standards previously required at common law. *See Singleton*, 318PA22, slip op. at 17.

The indictment here contains allegations of facts supporting each essential element of obtaining property by false pretenses, including the element of intent per the requirements provided in N.C. Gen. Stat. § 14-100(a). Thus, the indictment was sufficient to notice Defendant of the charges against him. Because the indictment was sufficient, we hold the trial court maintained jurisdiction to enter judgment against Defendant.

## B. Sufficiency of the State's Evidence

Defendant contends there was insufficient evidence to sustain his conviction under N.C. Gen. Stat. § 14-100. Specifically, Defendant argues the State failed to offer substantial evidence to prove he had the requisite intent to obtain property by

false pretenses. We disagree.

We review issues concerning the sufficiency of the State's evidence de novo to determine whether, in the light most favorable to the State, there is "substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996); *see also State v. Rose*, 339 NC 172, 192, 451 S.E.2d 211, 223 (1994) ("[A]ll evidence admitted, whether competent or incompetent, [is to be viewed] in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor."). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-9, 265 S.E.2d 164, 169 (1980) (citation omitted).

The essential elements of obtaining property by false pretenses are: "(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another." *State v. Seelig*, 226 N.C. App. 147, 152, 738 S.E.2d 427, 431 (internal marks and citation omitted); *see also* N.C. Gen. Stat. § 14-100(a). Considering the essential element of intent, our Court has repeatedly held, "[i]ntent is seldom provable by direct evidence [and] must ordinarily be proved by circumstances from which it may be inferred." *State v. Bennett*, 84 N.C. App. 689, 691, 353 S.E.2d 690, 691-92 (1987); *see also State v. Hines*, 54 N.C. App. 529, 533, 284 S.E. 2d 164, 167 (1981). Circumstantial evidence of the

- 8 -

defendant's intent "may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *State v. Fritsch*, 351 N.C. 373, 379, 526 S.E.2d 451, 455 (2000) (internal marks and citation omitted). Where the State introduces such evidence, the trial court "must consider whether a reasonable inference of [the] defendant's guilt may be drawn from the circumstances." *Id.* "If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty." *State v. Rowland*, 263 N.C. 353, 358, 139 S.E.2d 661, 665 (1965).

Our Court has previously held the introduction of circumstantial, Rule 404(b) evidence, tending to establish a pattern or scheme from the defendant's prior wrongs committed within the same general timeframe as the crime charged, may constitute substantial evidence from which a rational juror could infer intent. *See State v. Barker*, 240 N.C. App. 224, 232, 770 S.E.2d 142, 148 (2015); *see also* N.C. Gen. Stat. § 8C-1, Rule 404(b) ("Evidence of other crimes, wrongs, or acts . . . may [ ] be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.").

As to the State's presentation of evidence, N.C. Gen. Stat. § 14-100(b) explicitly provides the State cannot establish the essential element of intent through evidence of nonfulfillment of a contract alone. *See* supra. II.A.; *see also* N.C. Gen. Stat. § 14-100(b). To this end, our Court in *State v. Compton* stated, "[N.C. Gen. Stat. § 14-

100(b)], [ ] recognizes the danger that juries may improperly infer criminal intent merely from a defendant's failure to carry out his promise, and provides that evidence of the nonfulfillment of a contractual obligation, standing alone, is not sufficient to show an intent to defraud." 90 N.C. App. 101, 104, 367 S.E.2d 353, 355 (1988). Nonetheless, evidence of nonfulfillment of a contract, together with additional Rule 404(b) evidence of the same, is sufficient evidence from which a jury may inter intent. *See State v. Barfield*, 127 N.C. App. 399, 402, 489 S.E.2d 905, 908 (1997) (the defendant's motion to dismiss was properly denied as there was a reasonable inference of intent where the State offered testimony from two other witnesses who contracted with the defendant and obtained the same results—the defendant obtained money for a promise to move their houses, did not move the houses, and retained the money without completing the job).

Here, Defendant contends the State failed, under section 14-100(b), to introduce evidence showing he maintained the requisite intent as the State's evidence only indicated Defendant and the victim entered into a contract, and Defendant failed to take steps to begin fulfilling the contract despite the victim having paid a $4,000 deposit to Defendant.

The State's evidence at trial tended to show Britt and Defendant met at a gas station in Goldsboro. Britt asked Defendant if he was willing to do some construction work on Britt's home and Defendant agreed. Britt initially paid Defendant $2,000 to screen in his front and back porch. After the work was completed, Britt asked

Defendant to install vinyl and windows. Defendant indicated he was willing to do the installation but would need $4,000 for materials. On 4 June 2020, Britt paid Defendant $4,000 and Defendant provided Britt with a signed receipt. Defendant never began work on Britt's home citing several reasons for his delayed performance, including personal illness, the death of his mother, and failure on behalf of Builder's Discount Center to obtain the materials ordered. The manager at Builder's Discount Center was never able to locate an order placed by Defendant. Further, Defendant failed to return the $4,000 to Britt. The State further provided evidence tending to show Defendant conducted a similar scheme at or around the same time he was involved with Britt. At trial, H. Clifton testified she, in July 2020, contracted with Defendant to replace certain windows in her home. Clifton wrote Defendant a check for $2,165 and Defendant provided Clifton with a signed receipt. Defendant never installed the windows and further failed to return the payment.

Although the State did introduce evidence of Defendant's nonfulfillment of the contract with Britt, the State also introduced additional Rule 404(b) evidence suggesting a scheme by which Defendant obtained money upon contracting with individuals to do construction work on their homes, neglected to perform the work, and failed to return payment. This evidence of Defendant's nonfulfillment of the contract with Britt, together with the additional Rule 404(b) evidence of the same, constitutes circumstantial evidence from which a rational juror could infer Defendant's intent. *See Barfield*, 127 N.C. App. at 402, 489 S.E.2d at 908.

Having considered the State's evidence in light most favorable to the State, we hold the State offered substantial evidence of Defendant's intent. Therefore, the trial court did not err in denying Defendant's motions to dismiss.

## III.    Conclusion

We hold the indictment and the State's evidence were independently sufficient as to the essential element of intent. Thus, the trial court did not err.

NO ERROR.

Judges MURPHY and GORE concur.